IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAMEKA WALTERS, | ) | Civil Action No. 2:22-cv-01051 |
| | ) | |
| Plaintiff, | ) | |
| | ) | HONORABLE LISA PUPO LENIHAN |
| v. | ) | |
| | ) | |
| ALLEGHENY COUNTY | ) | |
| DEPARTMENT OF | ) | JURY TRIAL DEMANDED |
| HUMAN SERVICES, | ) | |
| | ) | |
| Defendant. | ) | Electronically Filed. |

<u>AMENDED COMPLAINT IN A CIVIL ACTION</u>

COMES NOW, the Plaintiff, KAMEKA WALTERS, by and through her attorneys, LAW OFFICES OF JOEL SANSONE, JOEL S. SANSONE, ESQUIRE, MASSIMO A. TERZIGNI, ESQUIRE, and ELIZABETH A. TUTTLE, ESQUIRE, and files this Amended Complaint in a Civil Action as follows:

<u>JURISDICTION AND VENUE</u>

1.      This is an action to redress the deprivation by the Defendant of the Plaintiff's civil rights, and in particular, the right to be free from illegal, invidious and damaging discrimination in her employment, which rights are guaranteed by the Constitution of the United States and the laws and statutes enacted pursuant thereto, and in particular, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, <u>et</u> <u>seq.</u> (as amended) ("Title VII"), the Civil Rights Act of 1991 (as amended). Declaratory relief is sought under, and by virtue of, Title 28 U.S.C. §§2201 and 2202.

2.      Jurisdiction of this Honorable Court is founded upon Title 28 U.S.C. §§ 1331 and 1343(3), and by Title 42 U.S.C. §2000e.

3.     Venue is proper under 28 U.S.C.A. § 1391(b).  All claims set forth herein arose in the Western District of Pennsylvania and the Plaintiff resides in the Western District of Pennsylvania.

4.     Plaintiff has satisfied all procedural and administrative requirements set forth in Section 706 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5, and in particular:

> a.     Plaintiff filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC") on or about September 7, 2021, and said charge was cross-filed with the Pennsylvania Human Relations Commission ("PHRC")[1];
>
> b.     The EEOC issued a Notice of the Right to Sue dated July 1, 2022 and;
>
> c.     Plaintiff's Complaint is timely filed within 90 days of Plaintiff's receipt of the Notice of Dismissal and Right to Sue.

PARTIES

5.     Plaintiff, Kameka Walters, is an African-American female who resides in Allegheny County, Pennsylvania.

6.     Defendant, Allegheny County Department of Human Services, is a public agency with administrative offices located at One Smithfield Street, Pittsburgh, Pennsylvania 15219.

7.     At all times relevant hereto, Defendant was acting through its partners, directors, agents, subsidiaries, officers, employees, and assigns acting within the full scope of their agency, office, employment or assignment.

---

[1] Plaintiff's claim under the Pennsylvania Human Relations Act remains pending.

FACTUAL ALLEGATIONS

8.      Plaintiff was employed by the Defendant from on or about June 8, 2009, until her constructive discharge on or about July 19, 2021.  At the time of the Plaintiff's constructive discharge, she held the position of Peer Coach.

9.      In or about 2019, Plaintiff filed an internal complaint with the Defendant's human resource department against her supervisor, Karen Rohley ("Rohley").  Plaintiff complained of discrimination on the basis on her race, African-American.

10.     Thereafter, Plaintiff was not promoted to the position of Head Coach.

11.     Similarly situated Caucasian employees were promoted to the position of Head Coach by the Defendant within one (1) year of becoming a Peer Coach.

12.     In or about 2020, after the Plaintiff returned from maternity leave, representatives of the Defendant directed the Plaintiff to copy her supervisor on all communications.

13.     Similarly situated Caucasian employees and/or similarly situated employees that did not take maternity leave were not required by the Defendant to copy their communications to a supervisor.

14.     At that time, Defendant also did not permit the Plaintiff to go to meetings with caseworkers unless she was accompanied by her manager, Gregory Phillips ("Phillips"), Ms. Rohley and/or an employee with the position of Head Coach.

15.     Plaintiff believes, and therefore avers, that the requirements placed on the Plaintiff, as more fully described hereinbefore above, were made on the basis of the Plaintiff's race, African-American, and/or sex, female, and/or in retaliation for the Plaintiff's complaints of discrimination.

16.     Plaintiff attempted to discuss the above-described requirements with her supervisor. Plaintiff's supervisor responded by sending the Plaintiff a list of job announcements.

17.     Thereafter, Plaintiff made complaints to Defendant's human resources department that she believed that she was being discriminated against based on her race, African-American, and/or sex, female.

18.     In or about 2021, Plaintiff applied for a Caseworker Supervisor position.  Plaintiff was objectively qualified for that position.

19.     Plaintiff was not selected by the Defendant for the position as Caseworker Supervisor.

20.     Instead, Defendant selected eight (8) Caucasian individuals and five (5) African-American individuals for the position of Caseworker Supervisor.

21.     When the Plaintiff inquired about the non-selection, she was informed that her supervisor indicated that the Plaintiff needed to improve on her consistency.

22.     Plaintiff believes, and therefore avers, that her supervisor provided this feedback on her job performance based on the Plaintiff's race, African-American, and/or sex, female, and/or in retaliation for the Plaintiff's complaints of discrimination.

23.     Plaintiff believes, and therefore avers, that she was subjected to increased and unjustified scrutiny of her job performance to which other similarly situated Caucasian individuals were not.

24.     Plaintiff believes, and therefore avers, that she was discriminated against by the Defendant and not selected for the position of Caseworker Supervisor based on her race, African-American, her sex, female, and/or in retaliation for her complaint of discrimination.

25.     Plaintiff believes, and therefore avers, that the Defendant's conduct is part of a plan, pattern or practice of discrimination that may affect other similarly situated individuals.

26.     On or about July 19, 2021, Plaintiff was constructively discharged from her position as a result of the Defendant's ongoing conduct, as described herein.

27.     As a direct and proximate result of the Defendant's actions, as more fully described hereinbefore above, Plaintiff has been adversely affected financially, professionally, and emotionally.

COUNT I:

TITLE VII – RACE DISCRIMINATION

28.     Plaintiff incorporates by reference Paragraphs 1 through 27 as though fully set forth at length herein.

29.     As described hereinbefore above, Plaintiff was discriminated against based upon her race, African-American, in that she was not selected by the Defendant for positions for which she was qualified and that she was subjected to increased and unjustifiable scrutiny and requirements to which similarly situated Caucasian employees were not subjected.

23.     As a direct result of the Defendant's discriminatory actions and violations of Title VII of the Civil Rights Act of 1964, and The Civil Rights Act of 1991, the Plaintiff has lost wages and other economic and professional benefits.  The Plaintiff has also incurred counsel fees and other costs in pursuing her legal rights.

24.     The Plaintiff has also suffered emotional, psychological, and physical distress, inconvenience, suffering, loss of reputation, humiliation and embarrassment as a direct result of the Defendant's discriminatory conduct, as described above.

25.     The actions of the Defendant, through its employees, were intentional, willful and deliberate and/or done with reckless disregard for the rights of the Plaintiff.

26.     The actions on part of the Defendant are part of a plan, practice or pattern of

discrimination which may affect others who are similarly situated to the Plaintiff.

WHEREFORE, Plaintiff requests the following:

a.  that the Court enter a judgment declaring the Defendant's actions to be unlawful and violative of the Title VII of the Civil Rights Acts of 1964 and 1991, as amended;

b.  that the Court award the Plaintiff back pay damages and other benefits lost due to the Defendant's unlawful conduct plus interest from the date of discrimination;

c.  that the Court award the Plaintiff compensatory and punitive damages as a result of the Defendant violation of the Civil Rights Act of 1991;

d.  that the Court order the Defendant to award the Plaintiff the position she applied to before she was discriminated against and/or the position most appropriate for the Plaintiff under the circumstances, with the accumulated seniority, fringe benefits, and all other rights, or in the alternative, that the Court order the Defendant to pay the Plaintiff front pay equivalent to her lost salary, salary raises, fringe benefits and all other rights to which she would have been entitled but for the Defendant's discriminatory conduct;

e.  that the Court award the Plaintiff pre-judgment and post judgment interest from the date of the discrimination;

f.  that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

g.  that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED.

COUNT II:

TITLE VII – SEX DISCRIMINATION

30.  Plaintiff incorporates by reference Paragraphs 1 through 29 as though fully set forth at length herein.

31.  As described hereinbefore above, Plaintiff was discriminated against based upon her sex, female, in that she was not selected by the Defendant for positions for which she was qualified

and that she was subjected to increased and justifiable scrutiny and requirements following maternity leave.

32.     As a direct result of the Defendant's discriminatory actions and violations of Title VII of the Civil Rights Act of 1964, and The Civil Rights Act of 1991, the Plaintiff has lost wages and other economic and professional benefits.  The Plaintiff has also incurred counsel fees and other costs in pursuing her legal rights.

33.     The Plaintiff has also suffered emotional, psychological, and physical distress, inconvenience, suffering, loss of reputation, humiliation and embarrassment as a direct result of the Defendant's discriminatory conduct, as described above.

34.     The actions of the Defendant, through its employees, were intentional, willful and deliberate and/or done with reckless disregard for the rights of the Plaintiff.

35.     The actions on part of the Defendant are part of a plan, practice or pattern of discrimination which may affect others who are similarly situated to the Plaintiff.

WHEREFORE, Plaintiff requests the following:

a.     that the Court enter a judgment declaring the Defendant's actions to be unlawful and violative of the Title VII of the Civil Rights Acts of 1964 and 1991, as amended;

b.     that the Court award the Plaintiff back pay damages and other benefits lost due to the Defendant's unlawful conduct plus interest from the date of discrimination;

c.     that the Court  award the Plaintiff compensatory and punitive damages as a result of the Defendant violation of the Civil Rights Act of 1991;

d.     that the Court order the Defendant to award the Plaintiff the position she applied to before she was discriminated against and/or the position most appropriate for the Plaintiff under the circumstances, with the accumulated seniority, fringe benefits, and all other rights, or in the alternative, that the Court order the Defendant to pay the Plaintiff front pay equivalent to her lost salary, salary raises, fringe benefits and all other rights to which she would have been entitled but for the Defendant's discriminatory conduct;

e.  that the Court award the Plaintiff pre-judgment and post judgment interest from the date of the discrimination;

f.  that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

g.  that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED.

COUNT III:

TITLE VII – RETALIATION

36.  Plaintiff incorporates by reference Paragraphs 1 through 35 as though fully set forth at length herein.

37.  As described hereinbefore above, Plaintiff was retaliated against for engaging in protected activity, to wit, filing an internal complaint against her supervisor.

38.  As a direct result of the Defendant's discriminatory actions and violations of Title VII of the Civil Rights Act of 1964, and The Civil Rights Act of 1991, the Plaintiff has lost wages and other economic and professional benefits.  The Plaintiff has also incurred counsel fees and other costs in pursuing her legal rights.

39.  The Plaintiff has also suffered emotional, psychological, and physical distress, inconvenience, suffering, loss of reputation, humiliation and embarrassment as a direct result of the Defendant's discriminatory conduct, as described above.

40.  The actions of the Defendant, through its employees, were intentional, willful and deliberate and/or done with reckless disregard for the rights of the Plaintiff.

41.  The actions on part of the Defendant are part of a plan, practice or pattern of discrimination which may affect others who are similarly situated to the Plaintiff.

WHEREFORE, Plaintiff requests the following:

a.      that the Court enter a judgment declaring the Defendant's actions to be unlawful and violative of the Title VII of the Civil Rights Acts of 1964 and 1991, as amended;

b.      that the Court award the Plaintiff back pay damages and other benefits lost due to the Defendant's unlawful conduct plus interest from the date of discrimination;

c.      that the Court  award the Plaintiff compensatory and punitive damages as a result of the Defendant violation of the Civil Rights Act of 1991;

d.      that the Court order the Defendant to award the Plaintiff the position she applied to before she was discriminated against and/or the position most appropriate for the Plaintiff under the circumstances, with the accumulated seniority, fringe benefits, and all other rights, or in the alternative, that the Court order the Defendant to pay the Plaintiff front pay equivalent to her lost salary, salary raises, fringe benefits and all other rights to which she would have been entitled but for the Defendant's discriminatory conduct;

e.      that the Court award the Plaintiff pre-judgment and post judgment interest from the date of the discrimination;

f.      that the Court award the Plaintiff reasonable attorneys' fees and costs of this action; and

g.      that the Court grant the Plaintiff such additional relief as may be just and proper.

JURY TRIAL DEMANDED.

Respectfully submitted,

LAW OFFICES OF JOEL SANSONE

s/ Joel S. Sansone
Joel S. Sansone, Esquire
PA ID No. 41008
Massimo A. Terzigni, Esquire
PA ID No. 317165
Elizabeth A. Tuttle, Esquire
PA ID No. 322888
*Counsel for Plaintiff*

Law Offices of Joel Sansone
Two Gateway Center, Suite 1290
603 Stanwix Street
Pittsburgh, Pennsylvania 15222
412.281.9194

Dated: November 28, 2022