IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAMEKA WALTERS, | CIVIL DIVISION |
| Plaintiff, | |
| ALLEGHENY COUNTY DEPARTMENT OF HUMAN SERVICES[1] | 2:22-cv-01051-LPL |
| Defendant. | |

### Brief in Support of Partial Motion to Dismiss Plaintiff's Amended Complaint

Pursuant to F.R.C.P. 12(b)6 Defendant, Allegheny County, files this Brief in Support of Motion to Dismiss Plaintiff's Amended Complaint.

### I. STATEMENT OF THE CASE

Plaintiff initiated suit in this Court alleging retaliation, sex discrimination and race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et sq. (as amended)(Title VII") and the Pennsylvania Human Relations Act ("PHRA".) (*Complaint*, ECF #1.) Plaintiff then filed an amended complaint removing the PHRA claims. (*Am. Complaint*, ECF #19.)Only those well-pled facts material to the pending motion will be set forth here and will be accepted as true by Defendant Allegheny County for the limited purposes of this pending Motion.

Plaintiff Gordon was employed by Allegheny County Department of Human Services ("DHS") from about June 8, 2009 until she ended her employment on or about July 19, 2021.

---

[1] Allegheny County improperly identified as Allegheny County Department of Human Services

(Am. Complaint ¶8). Sometime in 2019 Plaintiff Gordon filed an internal complaint with human resources complaining of discrimination on the basis of race. (Am. Complaint ¶9.) Plaintiff claims that after filing the complaint to human resources she was not promoted to the position of Head Coach while similarly situated Caucasian employees received promotions to Head Coach. (Am. Complaint ¶¶ 10,11.) Plaintiff further claims that after returning from maternity leave at some point in 2020, Allegheny County representatives directed her to copy her supervisor on all communications. (Am. Complaint ¶12.) She alleges that similarly situated Caucasian employees and/or similarly situated employees that did not take maternity leave were not required to copy a supervisor on communications. (Am. Complaint ¶13.) Plaintiff claims that at this same time, she was not permitted to go to meetings with caseworkers unless she was accompanied by her manager or an employee with the position of Head Coach. (Am. Complaint ¶14.)

Plaintiff made complaints to human resources that she believed she was being discriminated against based on her race (African-American) and/or sex (Female). (Am. Complaint ¶17.) At some point in 2021 Plaintiff applied to be a Caseworker Supervisor and ultimately was not selected for the position. (Am. Complaint ¶¶18,19.) Eight Caucasian individuals and five African-American individuals were selected for the position of Caseworker Supervisor. (Am. Complaint ¶20.) When Plaintiff inquired about not being selected for the position, her supervisor indicated that she needed to improve on her consistency. (Am. Complaint ¶21.)

Plaintiff alleges that these actions were discriminatory based on her race, African American, sex, female, and/or in retaliation for her complaint of discrimination. (Am.

Complaint ¶¶15, 22, 24.) Plaintiff claims she was constructively discharged from her position on or about July 19, 2021 as a result of the conduct described herein. (Am. Complaint ¶26.)

## II.     LEGAL STANDARD

For a complaint to withstand a motion to dismiss brought pursuant to FED. R. CIV. P. 12(b)(6), it must provide sufficient facts that, if presumed to be true, support "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 673 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). For a claim to qualify as "plausible," the alleged facts must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. The Third Circuit Court of Appeals has elaborated on the pleading standard set forth in *Iqbal*, providing the following test for determining the sustainability of complaints challenged under Rule 12(b)(6):

> [W]hen presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "*show*" such an entitlement with its facts.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009) (*emphasis added*) (*internal citations to Iqbal omitted*). Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged— but it has not show[n]—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679, 129

S.Ct. 1937 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III. ARGUMENT

A. **Plaintiff Has Not Preserved a Disparate Impact Claim or a Sex Based Pregnancy Discrimination Claim**

Plaintiff Gordon provided no facts to suggest a Title VII disparate impact claim or a claim of sex discrimination following maternity leave at the EEOC level and has therefore failed to exhaust her administrative remedies as to these claims. Only those claims alleged that are "fairly within the scope of the prior [administrative] complaint, or the investigation arising therefrom" are considered to have been exhausted. *Antol v. Perry*, 82 F.3d 1291, 1295 (3d Cir. 1996) (quoting *Waiters v. Parsons*, 729 F.2d 233, 237 (3d Cir. 1984) (per curiam)). Failure to comply with this requirement constitutes failure to exhaust administrative remedies and provides sufficient ground to dismiss the claim. *Hildebrand v. Allegheny Cnty.*, 757 F.3d 99, 112-13 (3d Cir. 2014); *Ganaway v. City of Pittsburgh*, No. 2:05-cv-1657, 2008 WL 336297 (Feb. 4, 2008 W.D.Pa.).

Plaintiff Gordon alleges in her Complaint that "Defendant's conduct is part of a plan, pattern or practice of discrimination that may affect other similarly situated individuals." (Am. Complaint ¶¶ 24, 26, 35, 41.)   To the extent that Plaintiff is now trying to make out some sort of disparate impact claim, she has not preserved one at the EEOC level.  When a plaintiff brings an employment discrimination claim under Title VII, [s]he must first exhaust his administrative remedies before filing a claim in district court. *Barzanty v. Verizon PA, Inc.*,

361 Fed.Appx. 411, 413 (3d Cir. 2010). A plaintiff must file a timely discrimination charge with the EEOC, and then must wait for the EEOC to complete its investigation and issue a right-to-sue letter before initiating an action with the court. *Id.* "The purpose of requiring exhaustion is to afford the EEOC the opportunity to settle disputes through conference, conciliation, and persuasion, avoiding unnecessary action in court." *Antol v. Perry*, 82 F.3d 1291, 1296 (3d Cir. 1996). The requirement also "allows an employer to be put on notice of the claims likely to be filed against it." *Barzanty*, 361 Fed.Appx. at 414. Although the right-to-sue letter permits a plaintiff to file suit, " 'the parameters of the civil action in the district court are defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.' " *Webb v. City of Phil.*, 562 F.3d 256, 263 (3d Cir. 2009) (quoting *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398-99 (3d Cir. 1976)). A plaintiff will not be deemed to have made a claim with the EEOC if the plaintiff "provide[s] no facts that suggest" such a claim. *Barzanty*, 361 Fed.Appx. at 414.

Plaintiff Gordon provided no facts to suggest a Title VII disparate impact claim at the EEOC level and has therefore failed to exhaust her administrative remedies as to these claims. (Exhibit A; *EEOC Charge*[2].) The Third Circuit has addressed this issue in *Ptasznik v. Univ. of*

---

[2] This Court must consider, "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Ben. Guar. Corp. v. White Consol. Industries, Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). This Court is to, "consider the complaint in its entirety, as well as… documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Institutional Investors Group v. Avaya, Inc.*, 564 F.3d 242, 252 (3d Cir. 2009). This court may also consider, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Ben. Guar. Corp. v. White Consol. Industries, Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). In evaluating whether a plaintiff has exhausted her administrative remedies, however, courts routinely consider the plaintiff's administrative

*Pennsylvania*, 523 Fed.Appx. 156 (3d Cir. 2013). In *Ptasznik*, the plaintiff's EEOC charge of discrimination was limited solely to discrimination against the plaintiff himself, however his complaint with the court included allegations that the defendant's policies "had a disparate impact upon employees over the age of 40." *Id.* at 160-61. Third Circuit held that the plaintiff did not raise a disparate impact claim with the EEOC because his charge discussed [the defendant's] actions "only in so far as they affected [the plaintiff]." *Id.* at 161 (internal quotation marks omitted). The Third Circuit further noted that the plaintiff's EEOC charge made "no reference to allegations of other similarly-situated employees being harmed by facially-neutral laws." *Id.* (citations omitted).

Plaintiff Gordon's EEOC charge, like the plaintiff's in *Ptasznik*, only includes an allegations of discrimination directed at herself. Ms. Gordon's charge does not refer to any other similarly-situated female or African-American employees that may have also been subjected to discrimination or harmed by a facially-neutral policy. Rather, Ms. Gordon's charge solely encompasses the circumstances underlying her own alleged discrimination claims. Moreover, Ms. Gordon's EEOC charge does not state that her complaints constitute a "continuing action" of ongoing discrimination. Plaintiff Gordon states that Defendant's alleged discrimination ended on June 19, 2021 which is the same day Ms. Gordon ended her employment with Allegheny County -- even further illustrating that the charge is only about herself, not any other similarly situated employees.

---

filings as public records. See, e.g, Patton v. S.E. Pa. Transp. Auth., 2007 WL 219938 (E.D. Pa. January 26, 2007).

Similarly, Ms. Gordon's EEOC charge does not allege facts to support a sex-based pregnancy discrimination claim following her return from maternity leave. There are no facts in the charge relating to maternity leave or pregnancy. Plaintiff Gordon only compares herself to similarly situated Caucasian employees, not to similarly situated male employees or those that did not take maternity leave. A fair reading of the Ms. Gordon's EEOC charge illustrates that a pregnancy-based sex discrimination claim was not within the scope of the charge.

Plaintiff Gordon has not exhausted her administrative remedies with respect to pregnancy related sex discrimination claims and/or any claims of impact discrimination. Accordingly, they should be dismissed with prejudice.

### III.    CONCLUSION

For the foregoing reasons, Allegheny County respectfully requests that this honorable Court grant the present Partial MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT.

Respectfully submitted,

*/s/ Frances Marie Liebenguth*
Frances Marie Liebenguth
Assistant County Solicitor
Pa. I.D. #314845

ALLEGHENY COUNTY LAW DEPARTMENT
300 Fort Pitt Commons Building
445 Fort Pitt Boulevard
Pittsburgh, PA 15219
(412) 350-1108

Frances.Liebenguth@AlleghenyCounty.us