**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KAMEKA WALTERS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ALLEGHENY COUNTY DEPARTMENT ) <br> OF HUMAN SERVICES, ) <br> ) <br> Defendant. ) | Civil Action No. 2:22-cv-01051 <br><br> Magistrate Judge Lisa Pupo Lenihan <br><br> ECF No. 20 |

**MEMORANDUM OPINION**

Presently before the Court is Defendant's Partial Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 20) pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the Court will deny Defendant's Partial Motion to Dismiss Plaintiff's Amended Complaint.

I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This lawsuit presents claims for unlawful discrimination in employment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended ("Title VII") and the Civil Right Act of 1991, as amended, against Defendant Allegheny County Department of Human Services.[1] Plaintiff, Kameka Walters,[2] is an African-American female who was employed by the Defendant from June 8, 2009 until her constructive discharge on July 19, 2021. Am. Compl. ¶¶5, 8, ECF No. 19 at 2-3. At the time of her constructive discharge, Plaintiff held the position of Peer Coach. *Id.* at ¶ 8.

---

[1] Defendant asserts that the proper party is Allegheny County. *See* ECF No. 21 at 1, n. 1.
[2] Defendant erroneously refers to the Plaintiff, Kameka Walters, as "Plaintiff Gordon" throughout its Brief in Support of Partial Motion to Dismiss the Amended Complaint (ECF No. 21).

In 2019, Plaintiff filed an internal complaint with Defendant's human resources department against her supervisor, Karen Rohley, claiming race discrimination. *Id.* at ¶ 9.  Thereafter Plaintiff was not promoted to Head Coach while similarly situated Caucasian employees were promoted to Head Coach by Defendant within one year of becoming a Peer Coach. *Id.* at ¶¶ 10-11.

In 2020, after Plaintiff returned from maternity leave, representatives of the Defendant directed her to copy her supervisor on all communications, while similarly situated Caucasian employees and/or similarly situated employees who did not take maternity leave were not required by the Defendant to copy their communications to a supervisor. *Id*. at ¶¶ 12-13.  At that time, Defendant also did not permit Plaintiff to go to meetings with caseworkers unless she was accompanied by her manager, Gregory Phillips, Ms. Rohley, and/or an employee with the position of Head Coach. *Id.* at ¶14.  Plaintiff attempted to discuss these requirements with her supervisor who responded by sending her a list of job announcements. *Id.* at 16.  Thereafter, Plaintiff submitted complaints to Defendant's human resources department that she believed that she was being discriminated against based on her race, African-American, and/or sex, female. *Id.* at ¶ 17.

In 2021, Plaintiff applied for a Caseworker Supervisor position for which she was objectively qualified, however, she was not selected for that position. *Id.* at ¶¶ 18-19.  Instead, Defendant selected eight Caucasian individuals and five African-American individuals for the position of Caseworker Supervisor. *Id.* at ¶ 20.  When Plaintiff inquired as to why she was not selected, she was informed that her supervisor indicated that she needed to improve her consistency. *Id.* at ¶ 21.  Plaintiff avers that her supervisor provided this feedback on her job performance based on Plaintiff's race, sex, and/or in retaliation for her complaints of discrimination. *Id.* at ¶ 22.  Plaintiff further avers that she was subjected to increased and unjustified scrutiny of her job performance to which other similarly situated Caucasian individuals were not. *Id.* at ¶ 23.  Thus, Plaintiff contends that she was not

selected for the position of Caseworker Supervisor based on her race, sex, and/or in retaliation for complaint of discrimination. *Id.* at ¶ 24.  In addition, Plaintiff alleges that Defendant's conduct is part of a plan, pattern or practice of discrimination that may affect other similarly situated individuals. *Id.* at ¶ 25.

On July 19, 2021, Plaintiff was constructively discharged from her position as a result of the Defendant's ongoing conduct as described above.  *Id.* at ¶ 26.  As a result of the Defendant's actions, Plaintiff alleges that she has been adversely affected financially, professionally, and emotionally.  *Id.* at ¶ 27.

On September 7, 2021, Plaintiff filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"), and cross-filed the charge with the Pennsylvania Human Relations Commission ("PHRC").  *Id.* at ¶ 4.a.  The EEOC filed a Notice of Right to Sue dated July 1, 2022.  *Id.* at ¶ 4.b.  Plaintiff timely commenced this civil action on July 22, 2022.

Plaintiff filed the operative Amended Complaint on November 28, 2022 after being granted leave to do so.  ECF Nos. 17-19.  The Amended Complaint asserts claims of race discrimination (Count I), sex discrimination (Count II), and retaliation (Count III).  For relief, Plaintiff seeks a declaratory judgment, back pay, compensatory and punitive damages, injunctive relief, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

In response, the Defendant filed the pending Partial Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 20) and supporting brief (ECF No. 21).  Plaintiff filed a Brief in Opposition (ECF No. 22). As the motion is fully briefed, it is ripe for disposition.

II.     LEGAL STANDARD

The United States Court of Appeals for the Third Circuit summarized the standard to be applied in deciding motions to dismiss filed pursuant to Rule 12(b)(6):

> Under the "notice pleading" standard embodied in Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must come forward with "a short and plain statement of the claim showing that the pleader is entitled to relief." As explicated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a claimant must state a "plausible" claim for relief, and "[a] claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Although "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), a plaintiff "need only put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Fowler*, 578 F.3d at 213 (quotation marks and citations omitted); *see also Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 117–18 (3d Cir. 2013).

*Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 147 (3d Cir. 2014).

"In resolving a motion to dismiss pursuant to Rule 12(b)(6), a court generally should consider only the allegations in the complaint, as well as 'documents that are attached or submitted with the complaint, ... and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, [and] items appearing in the record of the case.'" *State College Area Sch. Dist. v. Royal Bank of Canada*, 825 F.Supp.2d 573, 577–578 (M.D.Pa.2011) (quoting *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir.2006)). *See also Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir.1993) (citations omitted); *PBGC v. White Consolidated Industries, Inc.*, 998 F.2d 1192, 1196 (3d Cir.1993). Consideration of such documents will not convert the motion to dismiss into a motion for summary judgment.

This District Court and others have held that an EEOC charge of discrimination and the related documents are public records which may be considered. *See, e.g., Branum v. United Parcel*

4

*Serv., Inc.*, 232 F.R.D. 505, 506 n. 1 (W.D.Pa.2005); *Burkhart v. Knepper*, 310 F.Supp.2d 734, 741–42 (W.D.Pa.2004). *See also Hercik v. Rodale, Inc.*, 2004 WL 1175734, * 1 (E.D.Pa. May 24, 2004); *Tlush v. Mfrs. Res. Ctr.*, 415 F.Supp.2d 650, 654 (E.D.Pa.2002) ("[I]n resolving a 12(b)(6) motion to dismiss, a court may look beyond the complaint to matters of public record, including court files and records.... Under this standard, administrative filings, such as the record of the case before the EEOC, may be considered by the court without converting the motion to dismiss into a motion for summary judgment.").

III.     **DISCUSSION**

Defendant argues that Plaintiff has not preserved a disparate impact claim or a sex-based pregnancy discrimination claim at the EEOC level, and therefore, she has failed to administratively exhaust these claims.  Specifically, the Defendant submits that to the extent Plaintiff is trying to make out a disparate impact claim from her allegation in the Amended Complaint that "Defendant's conduct is part of a plan, pattern or practice of discrimination that may affect other similarly situated individuals," she has not preserved such a claim at the EEOC level.  Defendant submits that Plaintiff's charge of discrimination before the EEOC only discussed the circumstances underlying her own discrimination claims and did not refer to any other similarly situated female or African-American employees who may have also been subjected to discrimination or harmed by a facially neutral policy.  Thus, based on the court of appeals decision in *Ptasznik v. University of Pennsylvania*, 523 F. App'x 156, 160-61 (3d Cir. 2013), Defendant contends that Plaintiff failed to raise a disparate impact claim before the EECO and therefore she failed to exhaust her administrative remedies as to this claim.  In response, Plaintiff states that her Amended Complaint does not purport to set forth a disparate impact claim.  Thus, the Court will deny Defendant's Partial Motion to Dismiss the Amended Complaint as to any disparate impact claim as moot.

Next Defendant argues that Plaintiff's EEOC charge does not allege facts to support a sex-based pregnancy discrimination claim following her return from maternity leave.  Defendant submits that the EEOC charge does not contain any facts relating to maternity leave or pregnancy, and Plaintiff only compares herself to similarly situated Caucasian employees, not to similarly situated male employees or those that did not take maternity leave.  As such, Defendant maintains that a fair reading of the EEOC charge shows that a pregnancy-based sex discrimination claim was not within the scope of the charge.

In response, Plaintiff argues that her pregnancy-based sex discrimination claim was within the scope of her charge of discrimination and therefore is properly pled and included in her Amended Complaint because it could reasonably be expected to grow out of her charge of sex discrimination or any investigation arising from the charge.   In support, Plaintiff cites *Hicks v. ABT Assocs., Inc.*, 572 F.2d 960, 966 (3d Cir. 1978)(quoting *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398-99 (3d Cir. 1076))("Once a charge of some sort is filed with the EEOC, . . . the scope of a resulting private civil action in the district court is 'defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination . . ..'"), and *Antol v. Perry*, 82 F.3d 1291, 1295 (3d Cir. 1996) (the resulting lawsuit may encompass claims that fall "fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom.")  Plaintiff submits that she selected the "sex" box on her charge of discrimination, in addition to the "race" and "retaliation" boxes. *See* Pl.'s Charge of Discrimination, ECF No. 21 at 1.  In addition, Plaintiff points to the following statement in her EEOC charge:

> I believe that I was discriminated against because of my race, black, sex, female, and retaliated against for complaining of unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, as amended, [i]n that I was denied job status, my work was overly scrutinized, and I was denied a promotion.

*Id.* at 2.  In light of the above, Plaintiff maintains that her EEOC charge clearly alerted the EEOC of her intention to file sex-based claims and also should have informed the scope of the EEOC's investigation.  As such, Plaintiff contends that her pregnancy-based sex discrimination claim was properly pled and included in her Amended Complaint.

It is well established that before commencing a Title VII action in federal court, a plaintiff must exhaust her administrative remedies, which is typically done by filing a charge with the EEOC and receiving a right to sue letter from the EEOC. *Devine v. St. Luke's Hosp.*, 406 F. App'x 654, 656 (3d Cir.2011) (citing 42 U.S.C. § 2000e–5(e)(1); *Burgh v. Borough Council of the Borough of Montrose*, 251 F.3d 465, 470 (3d Cir.2001)). The purpose behind the exhaustion requirement is to provide the EEOC with "notice of the plaintiff's claims and to afford it 'the opportunity to settle disputes through conference, conciliation, and persuasion, avoiding unnecessary action in court.'" *Webb v. City of Phila.*, 562 F.3d 256, 262 (3d Cir.2009) (quoting *Antol v. Perry*, 82 F.3d 1291, 1296 (3d Cir.1996)) (other citation omitted). The exhaustion requirement also provides the defendant employer with "'notice that a complaint has been lodged against [it] and gives [it] the opportunity to take remedial action.'" *Hodge v. Trinity Indus., Inc.*, No. 2:10–cv–1219, 2011 U.S. Dist. LEXIS 11680, *7–*8 (W.D.Pa. Feb. 7, 2011) (quoting *Lawton v. Sunoco, Inc.*, Civ. A. No. 01–2784, 2002 WL 1585582, at *4–*5 (E.D.Pa. July 17, 2002)). Failure to exhaust administrative remedies is not a jurisdictional defect, but rather, provides a basis for dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. *Anjelino v. New York Times Co.*, 200 F.3d 73, 87–88 (3d Cir.2000).

The federal complaint is limited to claims that are within the scope of the charge of discrimination filed with the administrative agency. *Antol*, 82 F.3d at 1296. In this regard, the court of

appeals has explained: "[o]nce a charge of some sort is filed with the EEOC, ... the scope of a resulting private civil action in the district court is 'defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination.'" *Hicks*, 572 F.2d at 966 (quoting *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398–99 (3d Cir.1976) (other citations omitted)); *see also Antol*, 82 F.3d at 1295 (quoting *Waiters v. Parsons*, 729 F.2d 233, 237 (3d Cir.(1984)) ("The relevant test in determining whether [plaintiff] was required to exhaust her administrative remedies, therefore, is whether the acts alleged in the subsequent Title VII suit are fairly within the scope of the prior EEOC complaint, or the investigation arising therefrom."). More recently, the court of appeals reiterated in *Webb*:

> While we have recognized the "preliminary requirements for a Title VII action are to be interpreted in a nontechnical fashion," the aggrieved party "is not permitted to bypass the administrative process." *Ostapowicz*, 541 F.2d at 398. Accordingly, we have held "the parameters of the civil action in the district court are defined by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Id*. at 398–99.

562 F.3d at 262-63. The court of appeals cautioned that without this limitation, the "charging party could greatly expand an investigation simply by alleging new and different facts when he was contacted by the EEOC following his charge." *Hicks*, 572 F.2d at 967.

      The Court finds that at this stage of the proceedings, the Amended Complaint, along with the EEOC Charge of Discrimination, pleads sufficient facts to plausibly show that her pregnancy-based sex discrimination claim was fairly within the scope of her EEOC charge and the investigation arising from that charge. Here Plaintiff checked the "sex" box on her charge of discrimination and stated in her EEOC charge that she was discriminated against because of her sex, female. In support of her sex-based discrimination claim, the Amended Complaint alleges that Plaintiff was subjected to increased and unjustifiable scrutiny and requirements following her maternity leave. ECF No. 19 at

6-7, ¶ 31. As such, the pleadings suggest that a reasonable investigation of the EEOC charge as filed would have encompassed Plaintiff's pregnancy-based sex discrimination claim, as the discriminatory treatment she was allegedly subjected to after she returned from maternity leave is the main basis for the sex-based discrimination claim. At this stage of the proceedings, there are no facts alleged to suggest otherwise. Accordingly, the Court will deny Defendant's Partial Motion to Dismiss Plaintiff's Amended Complaint.

IV.   CONCLUSION

For the reasons set forth above, Defendant's Partial Motion to Dismiss Plaintiff's Amended Complaint will be denied. A separate order will follow.

Dated:  April 28, 2023                           BY THE COURT:

                                                 _____
                                                 LISA PUPO LENIHAN
                                                 United States Magistrate Judge